**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | |
|---|---|
| **MILTON EDWARD GRIGGS,** ) | |
| **ID # 25791,** ) | |
|     Plaintiff, ) | |
| vs. ) | No. 3:15-CV-2256-D (BH) |
| ) | |
| **SHERIFF RANDY MEEKS, et al.,** ) | |
|     Defendants. ) | Referred to U.S. Magistrate Judge |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Pursuant to *Special Order No. 3-251*, this prisoner case has been automatically referred for judicial screening. Before the Court is the plaintiff's request for a restraining order or injunction against the Hunt County Jail, received September 14, 2015 (doc. 11). Based on the relevant filings and applicable law, the motion should be **DENIED**.

Milton Edward Griggs (Plaintiff) is a former inmate of the Hunt County Jail. (*See* doc. 3.)[1] He contends that while he was in jail, his wife died, and his sister-in-law took possession of her property and body (or ashes). (*Id*. at 5.) He seeks "some form of an injunction that would allow Plaintiff to prevent further damage & loss of [his deceased] wife's belongings and or property as well as the whereabouts of [her] body or ashes." (*Id*. at 3.)

A preliminary injunction can be issued only after notice to the adverse party. *See* Fed. R. Civ. P. 65(a)(1). Although a court may issue a temporary restraining order (TRO) without notice to the adverse party, it may only do so if:

> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and

---

[1] Plaintiff contended that he was scheduled for release on November 22, 2015, and he provided notice of a new address that was received on November 24, 2015. (*See* doc. 17).

>   (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b)(1). The party seeking a TRO or preliminary injunction has the burden to show that he or she is entitled to it. *Clark v. Prichard*, 812 F.2d 991, 993 (5th Cir. 1987).

Here, Plaintiff has not shown that he has given notice to the defendants of his request for injunctive relief.[2] Neither has he satisfied the requirements for a TRO under Rule 65(b) by submitting an affidavit or verified complaint that clearly shows an immediate, irreparable injury, loss, or damage that will result before the defendants can be heard in opposition, and by providing a written certification of the efforts made to give notice or proffering reasons why notice should not be required. His motion is subject to denial for this reason alone.

In addition, Plaintiff must satisfy the substantive requirements for a preliminary injunction to obtain a TRO. Issuing an injunction "is an extraordinary and drastic remedy, not to be granted routinely, but only when the movant, by a clear showing, carries the burden of persuasion." *White v. Carlucci*, 862 F.2d 1209, 1211 (5th Cir. 1989) (quoting *Holland Am. Ins. Co. v. Succession of Roy*, 777 F.2d 992, 997 (5th Cir. 1985)). A preliminary injunction is the exception, not the rule. *Miss. Power & Light Co. v. United Gas Pipe Line Co.*, 760 F.2d 618, 621 (5th Cir. 1985). To obtain a preliminary injunction, the movant must show (1) a substantial likelihood of success on the merits; (2) a substantial threat of irreparable injury if the injunction is not issued; (3) that the threatened injury outweighs any damage the order might cause to the respondent; and (4) that the injunction will not disserve the public interest. *Enrique Bernat F., S.A. v. Guadalajara, Inc.*, 210 F.3d 439, 442 (5th Cir. 2000); *see Brink's v. Patrick*, No. 3:14-CV-775-B, 2014 WL 2931824, at *2 (N.D. Tex.

---

[2] Plaintiff's certificate of service only states that his motion was sent to the United States District Court, but not that it was provided to the Hunt County Jail. (*See* doc. 11 at 4.)

June 27, 2014). If the movant fails to carry the "heavy burden" to show each of these prerequisites, a preliminary injunction is not warranted. *See Enterprise Int'l, Inc. v. Corporacion Estatal Petrolera Ecuatoriana*, 762 F.2d 464, 472 (5th Cir. 1985).

Here, Plaintiff has neither alleged nor shown either a substantial likelihood that he will prevail on the merits. The injunctive relief he appears to seek is release from custody, which is an inappropriate remedy in a § 1983 action. *See Wolff v. McDonnell*, 418 U.S. 539, 554 (1974). A prisoner cannot challenge the fact or duration of confinement in a § 1983 action. *Clarke v. Stalder*, 154 F.3d 186, 189 (5th Cir.1998) (citing *Preiser v. Rodriguez*, 411 U.S. 475, 487 (1973)). He may only do so within the exclusive scope of habeas corpus. *See Preiser*, 411 U.S. at 487. Nor has he shown the remaining elements required for injunctive relief to be granted. His motion for injunctive relief should be **DENIED**.

**SO RECOMMENDED this 18th day of April, 2016.**

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE